Good morning, Dallas Sackler on behalf of the appellant Armando Salazar, acknowledge the Attorney General, Mr. Friedlander, who's been regularly beating the pants off me for many years. We've raised four separate issues in our rather voluminous briefs, and in the limited time allotted to us today, I'm just going to briefly address two of them. The two issues I would submit on the briefs are issue number one, which is the sufficiency of the evidence claim, issue number three, which is the jury instruction issue regarding the character evidence instruction. Unless the Court had any questions about those, I will say nothing about them this morning. Which leaves you to be arguing ineffective assistance of counsel. That was one of the two issues I would like to address. I did have a few brief comments regarding the second issue in my brief, which is the denial of a continuance to allow Mr. Salazar to obtain the retained counsel of his choice. Okay. Why isn't it that the ineffective assistance of counsel claims all turn on the strategic decision to present the situation of confusion rather than to raise the client? Well, it's certainly the strategic claim the trial counsel has asserted. I think there's a foundational question here as to whether anything the trial counsel asserted in his declaration in State court should be believed without an evidentiary hearing. As the Court knows, I recently submitted a letter in anticipation of oral argument with this Court's recent decision in Earp v. Stokes. Does the Court have that letter? Yes. The Court held that the district court had erred by making credibility without holding an evidentiary hearing. That's right. That was an interesting case where the argument by the defendant was that a defense witness had been coerced by the government into not testifying. And the federal district court judge in that case purported to make a credibility determination that he did not believe what this prospective witness had said. The witness said the government coerced me. The district court judge, without holding any evidentiary hearing, said, I simply don't believe that, and denied relief. Well, yes, but that's a somewhat different situation from tactical decisions by counsel that are within the range of professional competence, which we presumably are able to look at and say, well, yeah. My point, Your Honor, is we don't concede for a minute that what trial counsel said he was doing, the tactical choices he asserts, should be credited by this Court or any court until such time as there is an evidentiary hearing held. Where did he first say this was a tactical decision to pursue misinterpretation rather than lack of credibility? The only place he says that is in the declaration which was submitted to the State court of appeal. And what was done in the State court of appeal? What was done in the State court to attack that allegation in the declaration? We asserted in the State court of appeal and the State supreme court that there should be an evidentiary hearing because we did not concede the truth of what counsel had asserted. But that's not the question. The question is where was counsel's statement in his declaration controverted, such as to raise an issue that should be tried? Well, the controversion is we basically have two pieces of evidence. We assert that the record is contrary to at least one portion of his declaration, and then secondly, as we submitted to the district court, I want to commend to the Court's attention, as we filed a motion to expand the record, which you will find at Clerk's Record 20. That is not in the excerpt of record, but is in the district court record, where we presented evidence from a separate case where this attorney made a representation as to the advice he had given to a client, which was directly contrary to the representation he made in open court to the judge. So our position is that the record has at least two instances of evidence, concrete evidence, where at least on the face of it, it would appear that this attorney is not a credible person. Now, perhaps at an evidentiary hearing, counsel could clear up the confusion, could be found by the district court judge acting as a trier of fact to be a credible person, but as in Erb v. Stokes, I don't see how a district court judge could just say, no, I'm just going to find him to be a credible person on the face. So what are you asking us to do on this issue? On this issue, I would request a remand to the Federal District Court for an evidentiary hearing. I mean, it goes beyond the mere credibility of this floor. I mean, we have other. Just before you go that far, the State decided to turn down the request for a determination for an evidentiary hearing. Is that correct? That's correct. Both the State court of appeals. We're reviewing the State court, and I assume we're not reviewing them under what we would do if this were a Ninth Circuit case, a 2255 case. This is a 2254 case. And isn't your burden to show that the denial of that evidentiary hearing was inconsistent or an unreasonable application of Supreme Court cases? Ultimately. Not ultimately. Isn't that the point? I mean, what the district judge does or does not do isn't the issue. The issue is whether the State court, what the State court did was an unreasonable application of Supreme Court cases. Now, if that's true, and you say it's true ultimately, and I think it's true right now, what Supreme Court case did they violate in turning down the request for an evidentiary hearing? I've got to confess, Your Honor, I've never quite perceived the issue of whether or not there should be an evidentiary hearing as falling within AEDPA itself. I mean, for example, in Earp v. Stokes. This comes within the AEDPA, doesn't it? I understand, Your Honor. The point I'm trying to get to, Earp v. Stokes, for example, is a case where the defendant asked for an evidentiary hearing in the district court. And that was an AEDPA case. And the district court judge makes a credibility finding without holding an evidentiary hearing. Judge, I may be addled at this point, but I don't have a recollection of your having raised the issue of the denial of an evidentiary hearing. I have absolutely raised that issue, Your Honor. As such? As such, I would point in my opening brief to page 90 of the AEDPA. With appellant's opening brief, the argument heading, The district court's analysis cannot be upheld since it was constructed without the benefit of an evidentiary hearing. That's a one-line? That's the heading. The argument goes on for four pages, pages 90 to 94. Thank you. I just didn't remember that it was raised separately. Oh, it's the district court. The issue you raised there was the one in the district court. The district court. Was there ever an issue raised that the California court should have raised or should have allowed an evidentiary hearing? Well, I believe it's one and the same issue, Your Honor. Well, it isn't one and the same issue. It's really completely different. Oh, is it the same issue? I didn't think so. I think what the district court does, we look a little more carefully than we do the AED, AEDPA requires us to the State. I don't think it's the same issue, is it? Well, it's the same. Is the standard review the same? It's the same issue in the sense that if the State court has not conducted an evidentiary hearing at the defendant's request, which is the case here, the district court has no factual findings to which it can defer because no factual findings have been made. Fact's unreasonable, and your point is by definition unreasonable because they did not hold an evidentiary hearing. They just accepted at face value the declaration. That is ultimately my position. You've said it much more precisely than I have. I've been struggling to get to that point. Well, I've been concerned about this all the way along because usually you have an evidentiary hearing unless the case is one where you don't need one. And why the State court denied it, I don't know. But unless on that record before the State court there was something that demonstrated that an evidentiary hearing was required, that is, that a showing was made for an evidentiary hearing, then there's certainly no misapplication of United States Supreme Court decisions. So in the State side, where was that request made? Was it made in the trial court, in the habeas side, on the trial side, in the appellate  side? The request was twice made. A petition for writ of habeas corpus was first filed in the State court of appeal. In that petition, a request for an evidentiary hearing. Evidentiary hearing where? In the court of appeal? No. The practice in the State of California would be remanded back to the trial court. An evidentiary hearing had been requested in the court from which the appeal came. I'm not following your question. I'm in a trial court. I make a request for an evidentiary hearing. It's turned down. You go to the court of appeal. You identify that as one of the issues. You say send it back for the evidentiary hearing I asked for. Procedure. You didn't ask for an evidentiary hearing in the trial court frequently. The appellate court says too late. You can't ask for it. It's not under California procedure. Well, that's what I'm pursuing. In California, the procedure is you have a direct appeal. If you want to raise an issue of ineffective assistance of trial counsel under Strickland versus Washington, the procedure is to join a habeas petition in the court of appeal and then the custom would be if the court of appeal believes that an evidentiary hearing is required, the case would be remanded back to the trial court with an order to show cause specifying what issues are to be. That's what happened here, you say. No. What did not happen here is the court of appeal did not order an evidentiary hearing. The court of appeal summarily denied the petition. Do we have the record before us as to why the court of appeal is denied remanding for an evidentiary hearing? Do we have that record? We have a summary order from the court of appeal that says the petition for an habeas corpus is denied. They gave no reason. My original question, which is what evidence was there in the record that collides with counsel's declaration? There caused there to have to be a need for an evidentiary hearing to resolve the collision. Well, if you look at excerpt of record, page 68, this is trial counsel's declaration. And let me give you some background here. What was at issue is why, or one of the many issues in this case, is why trial counsel did not call the mother of this now adult woman, but who was a girl back in 1987, that would be Sally Chapa. She testified that the defendant had molested her back in 1987. Trial counsel was given a police report indicating that her mother, at that time, back in 1987, told the police, I do not believe my daughter was molested because Mr. Salazar, to whom she had been married, was no longer living in the home and they had no contact whatsoever with him. And one of our claims of ineffective assistance from counsel is a quite obvious claim that counsel should have called the mother in the present case to repeat that because Sally Chapa was called as a witness to testify effectively the defendant is a child molester. When called upon to explain both why he did not call Sally Chapa's mother or cross-examine Ms. Chapa about the fact that her mother had said Mr. Salazar had no access to her at the time, he asserted, I didn't do that because I had received a report from my investigator that she was not going to be a helpful witness, essentially. I'm paraphrasing. We have shown that the defense had rested its case before he had received the report from his investigator. And anybody can stand up and say, I just learned something. We need to reopen. Let us do it. But that's not what his declaration says, Your Honor. That's why I refer to excerpt of record 68. He says, I'll quote, I did not cross-examine Ms. Chapa regarding the incidents allegedly occurring when Mr. Salazar was not living on the house because of the information which I had received from Mr. Van Cleve. Ms. Chapa was done as a witness on September 3rd. The investigator, according to his own memo, which appears in the excerpt of record, did not communicate with Ms. Chapa's mother until September 7th. Now, perhaps were there an evidentiary reason for Ms. Chapa's refusal to testify     I don't know. I don't know. I don't know.   You have to know the fact that it was an evidentiary hearing. The trial counsel could explain all of this. On the face of it, this is a patiently false statement. And that was all presented to the court of appeal? Yes, it was. As well as the California Supreme Court. I'll reserve the rest of my time. Ms. Freelander. This case is very troubling because of the way that appellant is playing fast and loose with procedure here. What was never presented to the State court was this other case that appellant has now presented in Federal court. Okay? So he's caught. Case of the lawyer contradicting himself. You say the other case. The other case in which this trial lawyer allegedly performed incompetently or ineffectively. Never presented to the State court. That's bad enough. What's worse is that appellant appears to think that he can create an evidentiary record simply by asserting facts. That that is the evidence on which those facts can be based. His counsel or his investigator in 2003, long after this case was done in State court, allegedly went to this mother, who I will call Nancy Espinoza, the mother of Sally Chapa, and interviewed her and supposedly learned that, A, she was cooperative or wanted to cooperate with defense or was willing to cooperate with the defense, and, B, would stand by her statement or alleged statement to the police in 1987 that the alleged molestation of Sally Chapa could not have happened because the defendant was out of the house. The problem is that we don't have a declaration from Ms. Espinoza from 2003. That's not in the record. Nor do we have a declaration from the investigator who supposedly interviewed Ms. Espinoza. All we have is an assertion in the brief and perhaps in the traverse at the district court that this is what happened, that she was interviewed and that she was willing to cooperate with the defense. So not only is it not in the record, it was never presented to the State court, and, of course, the claim is unexhausted because now what we have is an ineffective assistance of counsel claim based on substantially different evidence. Well, counsel's answer to this is, oh, well, I requested an evidentiary hearing in Federal court in which I said this is what we're going to say. We're going to say that Nancy Espinoza was willing to cooperate, blah, blah, blah, and cites Rule 7 for the proposition that to request an evidentiary hearing, all you need to do is say what your evidence is going to be. That's irrelevant. The question is not what you need to request an evidentiary hearing. The question is what you need to get an evidentiary hearing. And to get an evidentiary hearing, you can't simply make factual assertions and use those factual assertions as the evidence on which it's based. So that's pretty troubling. Nor is it the only instance in which this record is not nearly as well-developed as it ought to be if you're going to make these assertions. On the question of the lawyer saying that why he didn't call Espinoza, okay, the record is, and Judge Alsop found this in his opinion, that the call came in from the investigator after the defense had rested, but before the case was closed. And basically, the investigator said, and I'm paraphrasing here, so this is an unreliable person. She said, the best thing that ever happened to me was, meaning Nancy Espinoza said, the best thing that ever happened to me was when this defendant left me for his then next wife so he could leave me alone. And she didn't really want to talk to me. So at that point, defense counsel is going, and it took them some time to find this Nancy Espinoza. She wasn't found until that late point. So at this point, defense counsel naturally makes the decision, well, you know, this is poison and I want to deal with this. Okay. So then in his declaration, he states, I didn't call her because of what my investigator told me. I don't know exactly how he phrased it. Counsel is making it seem as if he phrased it and perhaps he did phrase it in a way to suggest that the decision was made beforehand. It seems to me that this is stretching things, to put it mildly. We have defense counsel who's looking back on things and remembers that he got a call from his counsel and that's what made his decision or solidified his decision, and he's getting a little confused. But that hardly, or may be getting a little confused, but that hardly shows bad faith or that he's lying. Now, what we have here is, as Your Honor suggested, a defendant who got a non-confrontational defense and is now that proved to be unsuccessful and is now therefore telling this Court that the only competent defense we could have gotten was a confrontational defense. And of course, that is not logical, nor is it the law. The fact of the matter is that fiery defenses tend to go down in flames. And that is especially true when you have a child witness who is obviously vulnerable, obviously scared, obviously crying, to then attack her as a liar who is orchestrating this whole thing. And it may sound good on a cold record. It doesn't even sound good there. But what you would have to prove in essence is, or you'd have to show in essence, is that this child, this 8-year-old child, was this masterful actor who contrived all this and was this magnificent liar, meanwhile having no motive whatsoever to engage in this fabulous fabrication. So of course, the issue is not whether counsel, in deciding whether counsel is competent, you don't decide whether he got his defense was fiery or even whether his defense was effective. You decide whether it was reasonable. And there is an added layer of deference. You decide not whether counsel acted reasonably, but whether the State court acted reasonably. Appellant ignores all that standard, ignores the ADPA standard that were governed and restricted by United States Supreme Court precedent, invents a rule that says the only tactical justifications we can consider are those stated by counsel and no others. I sense that I've gone on long enough. If there are questions. I have a question. Maybe you could clarify. At the point at the California Court of Appeal where counsel asked for an evidentiary hearing for the attorney who had defended him initially, can you tell us what was in the record that was purported to show the need for an evidentiary hearing and what the Court did with it? What was in the record is in the exhibits. And I don't believe this is actually in the excerpts of record or the supplemental excerpts of record, but in the exhibits to the request for a State habeas Petition. What are you holding up? I can't read the front of it from here. It is exhibits in support of petition for writ of State habeas corpus. And that included about eight exhibits, some declarations, including, I think most prominently, the declaration of counsel. And what happened? What it did, what happened was that there were summary denials in both the Sixth District, the lower appellate court, and the Supreme Court. What I'm holding up here is the exhibits to the Supreme Court petition for State habeas corpus. Is that a document we have that you're holding up? I just can't see it. You do not have, well, it's in the record, but it's not in the excerpts of record or in the supplemental excerpts of record. Is it in the record? Well, I don't know the CR number for it. State record? It's in the State record? It would be in the, yes. I mean, I see a red brief, and I think that's something that's in my file. Right. Is that in my file? It would be in the CR, in the. . . In the clerk's? Yeah. I don't know what that stands for. The stuff that was submitted to Judge Alsup in the Federal court, but not included in the excerpts of record or the supplemental excerpts of record. So it's in the record of the district court? It should be. Okay. Because we submitted all of those. And that's the excerpt to the Supreme Court request? That's exhibits in support of the petition for habeas corpus to the State Supreme Court. Okay. The Court has no further questions. I'll. Thank you. Mr. Sauger. With regard to the last question, I believe you will find the document Mr. Freelander is displaying in a CR-8, which is. . . CR-what? CR-8. Eight. That is what the district court designated as all of the exhibits which the government presented in the district court, which would be all of the relevant briefs that we filed in the State Court of Appeals and in the State Supreme Court. Thank you. You're welcome. Mr. Freelander has made a lot of kind of wild and general claims here, so let me just very quickly try and refute them. With regard to the so-called other case that we are relying on as our evidentiary showing that the trial counsel is not a credible person, he omits to tell you that this information did not even become available until the State court proceedings in this case were closed. So, of course, it was not presented to the State court because the information was not yet in existence. Secondly, Mr. Freelander omits to tell you that we requested. . . Conceivably, Your Honor, but we much prefer to go back to the Federal district court and have the evidentiary hearing we believe we're entitled to. I'd also point out the appellant had no investigator at the time of the State proceedings, so at that time he was unable to go out and interview Sally Chapa's mother, who was available to him for that purpose. Somehow there's this claim that when my investigator interviewed Sally Chapa's mother during the time of the district court proceedings, this is some kind of brand new evidence. There's no brand new evidence here. This evidence comes from the 1987 police report. In the 1987 police report, the mother told the police, I do not believe my daughter was molested by Mr. Salazar because he was not living with us and he had no access to the child. So we're not asserting any new facts in Federal court that have not existed for nearly 20 years. So this entire assertion that somehow when my investigator talked to Mr. Salazar and talked to the mother closer in time that somehow this is new evidence is fairly ridiculous. I'd also point out the defense in this case that should have been presented is that the complainant is not a credible person. Defense counsel was told that the complainant's own grandmother, who was the child's guardian, had told her sister, quote, Heather is a fucking liar. Defense counsel, when given this information, did not either personally or send an investigator to go talk to the grandmother. This is the complainant's own guardian is telling her own sister this child is a liar. This information is not even looked to by defense counsel in supposedly making his grand tactical choice of how he's going to defend this case. This is the most fundamental type of error you can have under Strickland v. Washington when a lawyer doesn't even bother to investigate critical facts regarding the credibility of the only witness against the defendant. This case you would, if you were the defense lawyer at that time, you would have put that grandmother on the stand, told her that 8-year-old child is a liar, before a 12-person jury. And anything that is any different from that is ineffective assistance. This is the grandmother's own words, Your Honor. This is the grandmother's opinion about ---- I just asked you a simple question. Absolutely, Your Honor. Absolutely. You would have tried it and shot at her. Instead of that she was mistaken, you'd try to prove she was a liar. And anything other than that is ineffective assistance. I certainly would, Your Honor. And I would commend to your attention the other case I cited in my letter in anticipation of oral argument from this Court, Fowler v. the Sacramento County Sheriff. That is a case where this Court reversed because the State trial court excluded evidence in a sexually related prosecution that the complainant was not a credible person. And this Court found that that was reversible error to exclude that type of credibility evidence. And that is exactly the type of credibility evidence ---- Well, it's a different question. It's whether or not you can get it in or not get it in. It's whether you ought to get it in. I appreciate that, Your Honor. The point that I am making is the cases are legion where it has been said that this type of evidence is dynamite for the defense, that the way you defend against this type of case is to show that the complainant is not a credible person. It may not be pleasant. There's nothing pleasant about the charge and there's nothing pleasant about how a defendant goes about defending against that charge. But if you have a body of evidence that the complainant is not a credible person and that person is the only witness against the defendant, it is incumbent upon defense counsel to present that evidence. And again, there are cases from this Court, recently Fowler, further back in time, Franklin v. Henry, where it was held to be reversible error to exclude that evidence. If it's reversible error to exclude it, it's ---- The question is, was it unreasonable for him, under the AEDP standard, to choose to try and show that she was mistaken rather than that she was lying? I appreciate that, Your Honor. And I would submit it is objectively unreasonable. It was objectively unreasonable for this lawyer two things. First of all, he didn't investigate the defense to begin with. Let's be clear on that. Before you even get to the point of deciding I'm going to present one defense rather than another, we had no investigation. As I pointed out, he didn't even go talk to the grandmother. He didn't have Michael Fernandez interviewed. Michael Fernandez is the one who would say that Heather and her cousin Danielle had made a false claim that he had been watching Danielle disrobe. We don't even have these witnesses talk to. So if you haven't talked to the witnesses to find out what they might say and how credible they are, you can't even make an intelligent determination as to what your strategy is going to be. But let's say he had talked to the witnesses. I would submit it was objectively unreasonable in this case not to put these witnesses on, because this defense was a good defense. If you can raise a reasonable doubt as to the credibility of the complainant, you've got a fighting chance. As litigated, there was no defense in this case. Counsel stood up and told the jury, oh, what the complainant had to say was misinterpreted. There was nothing to misinterpret. This girl told exactly the same story from the very beginning when she was talking to her family members and the police, told the same story at the preliminary examination and told the same story at trial. So to argue to the jury that what she had to say was misinterpreted, there was simply no evidentiary basis for that defense. However, as we have pointed out, there is a significant evidentiary basis to show that this complainant was not a credible person, and that is something that the jury did not hear. I'm sure I'm far past my time. Okay. Thank you, counsel. The matter just argued will be submitted.
judges: Wallace, Trott, Rymer